INTERNATIONAL CONTRACTING CO. v. McNICHOL.

(Circuit Court, E. D. Pennsylvania. January 3, 1901.)

No. 112.

1. PLEADING—AFFIDAVIT OF DEFENSE—SUFFICIENCY.

Act Pa. July 15, 1897, entitles a plaintiff to judgment on any portion of a claim as to which the affidavit of defense may be insufficient. Plaintiff sued for breach of a contract under which defendant agreed to receive plaintiff's deliveries of gravel at the average rate of 1,000 cubic yards a day, in that he failed to take the full amount. *Held* that, where the affidavit of defense failed to negative any allegations of the complaint, but only contended for a different measure of damages from that claimed, plaintiff was entitled to judgment on the pleadings for the amount recoverable under the proper measure of damages.

2. BREACH OF CONTRACT—MEASURE OF DAMAGES.

In an action for breach of a contract under which defendant agreed to take plaintiff's deliveries of gravel at the average rate of 1,000 cubic yards a day, the measure of damages for defendant's failure to take the full amount is the costs and expense suffered by plaintiff by reason of such failure, with interest from the date when the contract terminated.

J. R. Paul, for plaintiff.

J. G. Johnson, for defendant.

DALLAS, Circuit Judge. This is a motion for judgment to the extent to which the plaintiff avers that the affidavit of defense is insufficient in law. Act Pa. July 15, 1897. In so far as it is necessary now to state it, the contract sued upon provided for the delivery by the plaintiff, and acceptance by the defendant, of a considerable quantity of gravel, at an average rate of about 1,000 cubic yards per day. The plaintiff's statement alleges that it was prepared and ready and willing to deliver at the rate agreed upon as above stated, and that the defendant refused to receive at that rate, "but, on the contrary, did and would receive much less than 1,000 cubic yards per day, and during 117 days, during which the plaintiffs were engaged in delivering material under the said agreement, did and would receive only 83,016 cubic yards of material, instead of 117,000 yards thereof, as required by said contract." The pertinent part of the affidavit of defense is:

"I am further advised by counsel, and therefore aver, that, even if the plaintiff is entitled to damages by reason of my failure to receive the gravel at the rate of 1,000 cubic yards a day, it is only entitled to recover the additional costs and expenses which it suffered by reason of my failure to take the full amount stipulated in the contract per day. and not to recover at the rate set out in its statement of claim."

I am of opinion that the plaintiff is now entitled to judgment for that part of its claim to which the foregoing extracts relate, but that the measure of damages which is contended for by its learned counsel cannot be applied by this court in this case. The claim that the earning capacity of the vessels engaged in the service of delivering the gravel should determine the amount of the judgment to which the plaintiff is entitled is therefore overruled, and the measure suggested in the affidavit of defense is adopted, namely, the costs and expense suffered by the plaintiff by reason of the defendant's failure to take

the full amount stipulated in the contract per day. Accordingly, judgment may now be entered for the plaintiff for $4,103.12, that sum being alleged in the statement, and not denied in the affidavit, to be the amount of the actual expenses incurred by the plaintiff in consequence. of the particular breach to which the present motion is directed.

(February 7, 1901.)

When this case was before the court on a rule for judgment for want of a sufficient affidavit of defense, the question of interest was not discussed at bar, and was therefore left undecided. The respective counsel have, however, since submitted their views upon the subject, and the point upon which they differ must now be determined. For the plaintiff it is contended that interest from the date of the termination of the contract in question should be allowed as a legal incident of its right to damages. The defendant, on the other hand, insists that interest should be awarded only from the time when demand was made for the correct principal sum, which, as he suggests, was not until the amended statement of claim was filed. In my opinion, the position of the plaintiff is the only tenable one. The right to compensation for the breach of a contract accrues when it is broken, and, if not then made, the delay must be paid for in interest. This is the ordinary rule, and the adjudications which seem to indicate that interest runs only from the time of demand rest, I think, upon the assumption that, in the cases in which they were made, the demand and refusal of payment fixed the time of default. An assessment in accordance with this opinion may be prepared, and, if agreed to, may be filed; otherwise, it can be presented to the court for settlement.